IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOHN R. CRAWFORD,** § | | |
| **(TDCJ No. 02300138),** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | Civil Action No. 4:20-cv-1119-O |
| § | | |
| **LEE PITTS, Chief,** § | | |
| **Lakeside Police Department, et al.,** § | | |
| § | | |
| **Defendants.** § | | |

**OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se-inmate/plaintiff John R. Crawford's ("Crawford") pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Crawford filed a form civil rights complaint. Compl., ECF No. 1. The Court then ordered Crawford to provide answers to the Court's questions in a more definite statement ("MDS"), and he then filed an MDS. After reviewing the complaint and MDS, the Court finds that some of Crawford's claims must be dismissed, and the remaining claims served upon the remaining defendants.

**I.    BACKGROUND/PLAINTIFF'S PLEADINGS**

In the complaint, Crawford, now an inmate at the TDCJ Stringfellow Unit, complains that in late October 2018, during his detention and arrest in Lakeside, Texas, he was "subjected to official oppression, excessive use of force, illegal search and seizure, and unlawful arrest, as well as denial of on-site medical attention." Compl. 5, ECF No. 1. Crawford named multiple defendants and listed them in this sequence: Lakeside Police Chief Lee Pitts; Tarrant County

1

Sheriff's Department Lieutenant Richard Foust; Fort Worth Marshal Sergeant W. Wedel; Lakeside Police Officer Richard Huitt; Tarrant County Sheriff's Department Deputies K. Bloom and Ralph Rodriguez; Fort Worth Police Officer Salazar; Lakeside Town Manager Norman Craven; and four unnamed law enforcement officers. *Id.* at 3-4. ECF No. 1. In the complaint, Crawford alleges that the named defendants "knew and were aware, having gross negligence, intentions, and conscious, deliberate indifference to my personal present and future health and safety causing unnecessary, excessive serious personal bodily harm" amounting to violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.* at 5. In the relief section of the form complaint, Crawford seeks "compensation for physical injuries and mental anguish suffered as a result of the unlawful and unconstitutional actions of the Defendants as well as full payment of all medical expenses." *Id.* at 6.

As noted, Crawford filed a more definite statement of his answers to the Court's detailed questions about his claims. MDS 1-10, ECF No. 7.[1] The answers support a determination that some claims can be dismissed, and that Crawford be allowed to obtain summons for service on the remaining claims.

## II.   LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Crawford is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Crawford is proceeding in forma pauperis, his pleadings are also subject to

---

[1] Although the more definite statement is 21 pages long, review shows that the answers are all stated on the first 10 pages, but Crawford then restates the same handwritten answers again on pages 11 through 21. ECF No. 7.

screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

## III.   ANALYSIS

### A.   Failure to State a Claim Upon Which Relief May be Granted - Lack of Sufficient Personal Involvement - No Respondeat Superior

When Crawford filed this action on a prisoner complaint form, he invoked the Court's federal question jurisdiction by seeking relief against the defendants under 42 U.S.C. § 1983.[2] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a

---

[2] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."42 U.S.C. § 1983 (West 2012).

citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant . . ."); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged."); *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981) (a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation.") A supervisory official, like Lakeside Town Manager Norman Craven, cannot be held liable pursuant to § 1983 under any theory of vicarious liability simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Such officials may be liable when enforcement of a policy or practice results in a deprivation of a federally protected right. *Alton*, 168 F.3d at 200 (citing *Doe v. Dallas Ind. Sch. Dist.*, 153 F.3d 211, 215-16 (5th Cir. 1998)).

As set forth in Crawford's complaint, the only allegation against Norman Craven is that he was "grossly negligent in managing subordinates who caused the unlawful condition." Compl. 3, ECF No. 1. In the order for a more definite statement, the Court directed Crawford to state additional facts against each named defendant, and Crawford's MDS response was that

Craven "failed to exercise his civil duty to protest [sic] the aforementioned defendants treatment of me and attempt to prevent or stop the violation of my . . . constitutional rights." MDS 5-6, ECF No. 7. Thus, even when given the chance to detail more particular actions by Craven, Crawford still tied his actions to Craven being responsible for the alleged failures of the other defendants. Thus, Crawford's claims against Lakeside Town Manager Craven must be dismissed.

In addition, as noted above, to support a claim for liability under § 1983, Crawford must state particular personal involvement by each named defendant. Although Crawford listed four additional unnamed defendants, in response to the Court's order for him to identify each unknown officer's name and state facts particular to each officer, he failed to distinguish these defendants. Instead, Crawford only wrote that the "four unknown (John Doe) officers who were on scene failed to prevent or stop the violation of my constitutional rights by the aforementioned defendants and also struck me with closed fists causing bodily injury and violating my VIII and XIV amendment rights." MDS 6, ECF No. 7. Thus, Crawford has not set forth any unique or particular actions taken by any of the four officers to distinguish their individual liability.

Thus, in sum, Crawford has not set forth sufficient facts to support any claim of liability for a violation of constitutional or federal right under § 1983 against defendants Craven and the four John Doe law enforcement officers.

## IV. SERVICE OF REMAINING CLAIMS

### A. Service Authorized

In the complaint and MDS response, however, Crawford has alleged sufficient facts against Defendants Pitts, Foust, Wedel, Huitt, Bloom, Rodriguez and Salazar to state claims for relief under § 1983. Thus, the Court will allow service of the remaining claims through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil

5

Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F.2d 1107, 1109-1110 (5th Cir.1987).[3]

### B. Notice of Potential Application of the *Heck v. Humphrey* Bar

The Court anticipates that the resolution of all of Crawford's remaining claims may turn on the applicability of the doctrine recognized in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff Crawford seeks relief from this Court over the events related to the validity of his arrest that potentially relate to his state court convictions. Under *Heck*, the Supreme Court determined that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. Although the *Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck. See Reger v. Walker,* 312 F. App'x. 624, 625 (5th Cir. 2009) (noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction).

In ultimately resolving the potential applicability of *Heck*, the Court will have to consider the underlying factual basis of the charges of which Crawford was convicted and the particular factual basis of the civil claims he has asserted. *See Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004) (noting that how *Heck* applies to an excessive force claim is not always clear) (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996)). Crawford acknowledges that he was convicted on December 20, 2019 of assault on a public servant and evading arrest in case numbers 1569405D and 1569406D. MDS 6, ECF No. 6. Crawford here

---

[3] A separate order will issue regarding service of Crawford's remaining claims.

seeks monetary relief for alleged excessive force by the defendants that may relate to his convictions for assault on a public servant and evading arrest. *Heck* may bar some or all of his excessive force claims. *See, e.g., Bush v. Strain,* 513 F.3d 492, 497 (5th Cir. 2008) ("[T]he "determination of whether [excessive force] claims are [*Heck*] barred is analytical and fact-intensive, requiring [courts] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction.") (citing *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)); *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.2000) (noting that since plaintiff Hainze had been found guilty of aggravated assault in a criminal proceeding, the force used by the deputies to restrain him could not be deemed excessive); *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir.1999) (holding that based on *Heck*, an excessive force claim brought under § 1983 is barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events).

### V.     ORDER

It is therefore **ORDERED** that Plaintiff's claims against Norman Craven and against the four unknown (John Doe) officer defendants are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **14th day** of **June, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE